**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
04/17/2026
CT Log Number 551961800

## Service of Process Transmittal Summary

**TO:** Stephen Mahieu, Chief Counsel, Litigation
Kraft Heinz Foods Company
200 E. Randolph St., 75th Floor
Chicago, IL 60601

**RE:** **Process Served in Ohio**

**FOR:** Kraft Heinz Foods Company  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TRAVIS TOLBERT // To: Kraft Heinz Foods Company |
| **CASE #:** | CV2026041506 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, Columbus, OH |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 04/17/2026 |
| **JURISDICTION SERVED:** | Ohio |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Sabrina Hudson  sabrina.hudson@us.hjheinz.com |
| | Email Notification,  Stephen Mahieu  stephen.mahieu@kraftheinz.com |
| | Email Notification,  Isabelle Kountz  isabelle.korshak@kraftheinz.com |
| | Email Notification,  Stephen Mahieu  stephen.mahieu@kraftheinz.com |
| | Email Notification,  Elizabeth Rice  elizabeth.rice@kraftheinz.com |
| | Email Notification,  Caroline Teichner  caroline.teichner@kraftheinz.com |
| | Email Notification,  Courtney Ofosu  courtney.ofosu@kraftheinz.com |
| | Email Notification,  Haley Egan  haley.egan@kraftheinz.com |
| | Email Notification,  Estefania Sevilla  estefania.sevilla@kraftheinz.com |
| | Email Notification,  Zoe Martinez  carolina.martinez@kraftheinz.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 4400 Easton Commons Way |
| | Suite 125 |
| | Columbus, OH 43219 |
| | 8775647529 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
04/17/2026
CT Log Number 551961800

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



quadient

FIRST-CLASS MAIL
IMI
$010.02 ℓ
04/13/2026  ZIP 44308
043M32207519

US POSTAGE

CERTIFIED MAIL



CM_CV2026041506_3768131

Summit County Clerk of Courts
205 South High Street
Akron, Ohio  44308

## USPS CERTIFIED MAIL

9214 8901 5774 4600 0002 1615 68

KRAFT HEINZ
C T CORPORATION SYSTEM (STAT. AGENT)
4400 EASTON COMMONS WAY  SUITE 125
COLUMBUS, OH 43219

# IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:     CV-2026-04-1506

TRAVIS TOLBERT
345 Beckman ave southeast
Massillon, OH, 44646

-VS-                                                                                         **SUMMONS**

KRAFT HEINZ
1301 Oberlin Ave SW
Massillon,  OH  44646

**TO the following:**

KRAFT HEINZ
C T CORPORATION SYSTEM (stat. agent)
4400 Easton Commons Way  Suite 125
Columbus, OH  43219

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.  The name and address of the Plaintiff's attorney is:

PATRICIA  BRANDT
3 Summit Park Dr.
Suite 200
Independence, OH  44131

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.  Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Tavia Galonski
Summit County Clerk of Courts

April 10, 2026

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY

TRAVIS TOLBERT ) CASE NO.
345 Beckman ave southeast )
Massillon, OH 44646 )
           Plaintiff, ) JUDGE:
)
v. ) **COMPLAINT FOR DAMAGES**
)
KRAFT HEINZ ) **JURY DEMAND ENDORSED**
1301 Oberlin Ave SW ) **HEREIN**
Massillon, OH 44646 )
)
   **Serve also:** )
   C T CORPORATION SYSTEM )
   (STAT. AGENT) )
   4400 Easton Commons Way )
   Suite 125 )
   Columbus OH 43219 )
)

          Defendant.

Plaintiff, Travis Tolbert, by and through undersigned counsel, as his Complaint against

Defendant, states and avers the following:

## PARTIES AND VENUE

1. Tolbert is a resident of the city of Massillon, county of Stark, state of Ohio.

2. Kraft Heinz ("Kraft") is a foreign corporation that operates a place of business located at 1301

   Oberlin Ave SW, Massillon, OH 44646

3. Kraft Heinz was at all times hereinafter mentioned, a "employer" within the meaning of Ohio

   R.C. 4123 et seq.

4. Personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and (3).

5. This Court is a court of general jurisdiction over the claims presented herein, including all

   subject matters of this Complaint.

6. All of the material events alleged in this Complaint occurred in Summit County.

7. Venue is proper pursuant to Civ. R. 3(C)(1)(2)(3) & (6).

8. Tolbert has filed charges with the Ohio Civil Rights Commission. ("OCRC")

9. Tolbert will amend this Complaint when the OCRC issues a Notice of Right to Sue.

## FACTS

10. Tolbert is a former employee of Kraft.

11. Tolbert began working for Defendant on or about June 6, 2025, in the positions of sanitation worker and forklift operator.

12. Tolbert is African American.

13. On June 12, 2025, Tolbert was assigned to work alone in an area for which he had not been trained.

14. On that date, a machine malfunctioned and sprayed chemical solution into Tolbert 's eyes, causing significant injury.("Work Injury")

15. Tolbert  sought medical treatment at Mercy General Hospital, and subsequently received additional treatment from an eye specialist.

16. Tolbert  reported the Work Injury to Kraft .

17. Tolbert 's prescribed Work Injury medications temporarily impaired his vision and required frequent administration.

18. Tolbert's doctor restricted him from working from June 12, 2025 until September 17, 2025 due to the severity of his Work Injury.

19. Tolbert filed a workers' compensation claim.

20. Tolbert  engaged in protected activity when he filed a workers' compensation claim for his Work Injury.

2

21. Kraft was aware at all relevant times that Tolbert had filed a workers' compensation claim and was receiving medical treatment for his Work Injury.

22. After filing his workers' compensation claim, Tolbert experienced increased scrutiny, threats of termination, and adverse treatment from Kraft 's supervisors.

23. After returning to work, Tolbert was accused by his supervisor, Christy Martion, of smoking marijuana at work.

24. Tolbert denied the accusation.

25. Martion had no credible reason to suspect Tolbert smoked marijuana at work.

26. Martion demanded that Tolbert submit to a drug test immediately.

27. Tolbert submitted to oral drug tests administered at Kraft 's facility.

28. During the drug-testing procedure, Tolbert complained to Martion that both the accusation and the demand to submit to the drug test was racially motivated.

29. During the drug-testing procedure, Martion made statements referencing Tolbert 's race, including the use of a racial slur.

30. Martion stated to Tolbert, "Nigga can't claim it's racist cause they have a white boy in the office." ("Nigga Comment")

31. Martion rationalized her Nigga Comment by stating she was married to a black man, therefore the use of the word "Nigga" was not racist.

32. Martion's Nigga Comment was severe.

33. Martion's Nigga Comment was offensive.

34. Martion's Nigga Comment was embarrassing.

35. Tolbert was offended by Martion's Nigga Comment

36. Tolbert was embarrassed by Martion's Nigga Comment

3

37. Tolbert requested to leave the room.

38. Martion told Tolbert that refusal to take a second test would result in termination.

39. When Tolbert attempted to leave, the door was locked, and he was informed that exiting would also lead to immediate discharge.

40. A second drug test was administered by a union steward,

41. The union steward placed Tolbert's sample in a container held by Martion.

42. Martion looked at the result.

43. Martion then threw the test in the trash without announcing the result to Tolbert and the union steward.

44. The union steward retrieved the discarded result, photographed it, and sent the image to the union president.

45. The union steward confirmed that the results of both of Tolbert's drug tests were negative.

46. Tolbert presented two negative drug tests to Kraft .

47. Upon information and belief, Tolbert was treated differently than similarly situated non-African American employees during the investigation of the alleged marijuana use.

48. Kraft failed to conduct its drug-testing procedures in accordance with its own policies and practices for other employees.

49. Kraft treated white employees accused of similar conduct more favorably than Tolbert .

50. On or about September 25, 2025, Kraft terminated Tolbert 's employment.

51. Kraft terminated Tolbert shortly after he returned from medical leave related to his workers' compensation claim.

52. Kraft terminated Tolbert less than four months after he filed his workers' compensation claim.

4

CV-2026-04-1506          BREAUX, ALISON          4/9/2026 9:05:04 AM          CMCO

53. Tolbert 's termination occurred in close temporal proximity to his filing of the workers' compensation claim.

54. Kraft 's stated reason for terminating Tolbert was false, pretextual, and inconsistent with Tolbert 's negative drug-test results.

55. Tolbert 's termination was motivated, at least in part, by retaliation for filing a workers' compensation claim.

56. Kraft s' did not proffer a legitimate non-discriminatory reason for terminating Tolbert.

57. Upon information and belief, Tolbert's termination of employment, Kraft s hired or retained an individual outside of Tolbert's protected class to replace Tolbert.

58. As a result of Kraft 's conduct, Tolbert suffered, and will continue to suffer damages.

## COUNT I: <u>WORKER'S COMPENSATION RETALIATION</u>

59.   Tolbert restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

60.   On or about 09/25/2025, Kraft terminated Tolbert.

61.   Kraft terminated Tolbert in retaliation for Tolbert filing a claim for Worker's Compensation benefits.

62.   Tolbert was discharged without just cause for filing a claim for Worker's Compensation benefits, Tolbert is therefore entitled to recover damages from for its wrongful discharge of him in retaliation for filing a claim for Worker's Compensation benefits under Ohio R.C. § 4123.90.

63.   As a direct and proximate result of Kraft 's conduct, Tolbert has suffered and will continue to suffer damages, including economic and emotional distress damages.

5

## DEMAND FOR RELIEF

WHEREFORE, Travis Tolbert demands the following:

(a) Issue an order requiring to restore Tolbert to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Kraft of compensatory and monetary damages to compensate Tolbert for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Kraft in an amount in excess of $ 25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Tolbert's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Patricia Brandt*

Patricia Brandt (0099382)
Sam B. Robb (0099035)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
Phone: (216) 364-1336
Fax:    (216) 291-5744
Email: patricia.brandt@spitzlawfirm.com
          sam.robb@spitzlawfirm.com

*Attorneys For Plaintiff*

6

## JURY DEMAND

Plaintiff  Travis Tolbert demands a trial by jury by the maximum number of jurors permitted.

Respectfully submitted,

/s/ *Patricia Brandt*

Patricia Brandt (0099382)
Sam B. Robb (0099035)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

*Tavia Galonski, Summit County Clerk of Courts*